UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeanne Olderman,

    Plaintiff,

v.

John McDonald & Sons, Inc., et al.,

    Defendants.

Case No. 25-cv-1050 (LMP/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

For the reasons discussed below, the Court recommends that the present action be **REMANDED** to the Minnesota State District Court, Ninth Judicial District, County of Beltrami, Minnesota for lack of subject matter jurisdiction.

Plaintiff initiated this action in the Minnesota State District Court, Ninth Judicial District, County of Beltrami, Minnesota. (See Notice of Removal [Docket No. 1]; Complaint [Docket No. 1-1]). The named defendants in Plaintiff's Complaint are Dave Levy Construction, LLC and John McDonald & Sons, Inc., with three other defendants whose names are not known. (See Compl. [Docket No. 1-1]). On the basis of the allegations alleged in her Complaint, Plaintiff's raises three state-law negligence claims against all defendants. (See Id.).

On March 21, 2025, Defendant Dave Levy Construction, LLC removed this action to this Federal Court. (See Notice of Removal [Docket No. 1]). Defendant Dave Levy Construction alleges that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §

1332 because the amount in controversy exceeds $75,000.00 and because there is complete diversity between Plaintiff and Defendants. (Id. ¶¶ 3–7).

On April 8, 2025, the Court issued an Order informing Defendant Dave Levy Construction that the Court's initial review of the Notice of Removal failed to demonstrate that this Court has the requisite subject matter jurisdiction necessary to adjudicate Plaintiff's claims. (Order [Docket No. 7]). The Court permitted Defendant Dave Levy Construction thirty days in which to file a letter showing cause as to why this matter should not be remanded back to Minnesota state court based on a lack of subject matter jurisdiction. (Id.).

The deadline by which Defendant Dave Levy Construction was required to file a letter showing cause as to why this case should not be remanded has passed. Defendant Dave Levy Construction did not file a letter showing cause as to why this case should not be remanded back to state court. Instead, Defendant Dave Levy Construction filed a letter indicating that it "consents to the Court's remand of this case to district court." (Letter [Docket No. 8]). The letter further indicated that Defendant Dave Levy Construction had informed Plaintiff's counsel of the letter's contents. (See Id.).

As the Court previously informed Defendant Dave Levy Construction, Federal Courts have limited jurisdiction and may only hear matters which fall within the jurisdiction of the Federal Courts. Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993). This creates in the Federal Courts a self-imposed duty to inquire whether the prerequisite of subject matter jurisdiction has been satisfied in every case before them. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012) (citing United States v. Cotton, 535

U.S. 625, 630 (2002)). Subject matter can never be waived or forfeited and can be addressed at any time. See Gonzalez, 132 S. Ct. at 649.

A federal district court may have subject matter jurisdiction based on either federal question jurisdiction, 28 U.S.C. § 1331, or on the basis of diversity of citizenship. 28 U.S.C. § 1332. Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332.

It is the burden of Defendant Dave Levy Construction, as the party asserting subject matter jurisdiction, to establish that subject matter jurisdiction exists. See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990). However, merely because a party states in its pleading that the Court has subject matter jurisdiction does not make it so. It is the burden of the party asserting jurisdiction to establish subject matter jurisdiction by a preponderance of the evidence. Richardson v. BNSF Ry. Co., 2 F.4th 1063, 1067 (8th Cir. 2021); VS Ltd. P'ship. v. Department of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

Based on the record presently before the Court, Defendant Dave Levy Construction has failed to establish that subject matter jurisdiction exists in the present case. Defendant Dave Levy Construction fails to demonstrate that subject matter jurisdiction based on diversity of citizenship exists in the present case because Defendant Dave Levy Construction has failed to adequately allege its own citizenship for the purposes of determining diversity of citizenship.

Diversity of citizenship exists when the matter in controversy exceeds $75,000.00, and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Complete diversity of citizenship

exists [when] no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). As a non-incorporated entity, the citizenship of a limited liability company or a professional limited liability company is the citizenship of each of its members. GMAC Com. Credit LLC v. Dillards Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1104 (8th Cir. 2019). Thus, a limited liability company can have multiple states of citizenship.

In the present case, Defendant Dave Levy Construction, itself a limited liability company, has failed to allege the citizenship of its members. In fact, Defendant Dave Levy Construction fails to even allege the identity of its members. Thus, on the record now before it, the Court finds that Defendant Dave Levy Construction has failed in its burden to demonstrate that diversity of citizenship exists. Defendant Dave Levy Construction does not appear to contest this finding. (See Letter [Docket No. 8]).

For all the reasons discussed above, Defendant Dave Levy Construction has failed to sufficiently demonstrate this Court has the requisite subject matter jurisdiction to adjudicate Plaintiff's claims. If a Court lacks subject matter jurisdiction to adjudicate an action, then the Court should dismiss or remand the action. See Fed. R. Civ. P. 12(h).

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the present action be **REMANDED** to the Minnesota State District Court, Ninth Judicial District, County of Beltrami, Minnesota for lack of subject matter jurisdiction.

Dated: May 14, 2025                              s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).